KEHOE, Judge.
Appellant, defendant below, brings this appeal from his conviction on a misdemean- or worthless check charge after entering a plea of nolo contendere and reserving his right to appeal the trial court’s denial of his motion to dismiss. We reverse.
Appellant was charged by an information with the felony of uttering a worthless check under Section 832.05, Florida Statutes (1977). Subsequently, the charge was reduced to a misdemeanor. The check in question was delivered on September 30, 1976, and was dated September 31,1976, an impossible date. Thereafter, the check was returned for insufficient funds. Appellant filed a motion to dismiss on the ground that the check was postdated and, therefore, outside the scope of Section 832.05. This Section, which makés it unlawful to draft, utter, or issue a check when the maker *490 knows that the funds are insufficient, contains the following proviso:
“ . . that this section shall not apply to any check where the payee or holder knows or has been expressly notified prior to the drawing or uttering of same or has reason to believe that the drawer did not have on deposit or to his credit with the drawee sufficient funds to insure payment as aforesaid, nor shall this section apply to any postdated check.” § 832.05(2)(a), Fla.Stat. (1977). (Emphasis added.)
We are thus presented with the apparently unique question of whether, under the facts of this case, appellant’s use of an impossible date on the subject check, i. e., September 31, 1976, brought it within the definition of the phrase “any postdated check” as that term is used in Section 832.-05(2)(a). Neither the parties’ nor our research has revealed any case on point which would aid us in the resolution of this question. However, the question of whether a check which has been issued on one day and dated the next day, i. e., issued on December 22, 1972, and dated December 23, 1972, is a postdated check has been considered by the Fourth District Court of Appeal in O’Masta v. State, 336 So.2d 686 (Fla. 4th DCA 1976). The court reasoned that the check was “postdated” as that term is used in Section 832.05(2)(a). In our opinion, the same reasoning and result should apply in the instant case, even though the postdate used was an impossible date. Unfortunately, we have no guidance in the record as to the reason that such an impossible date was used; however, it is clear that the check was issued on one day and not dated for that day. Accordingly, under these circumstances, we feel that the subject check comes within the category of a “postdated check” as that term is used in Section 832.-05(2)(a). This is in keeping with the general theory that a postdated check implies on its face a present insufficiency of funds.
For the reasons set forth above, appellant’s conviction is reversed.
Reversed.